UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

LEOPOLDO C. LACAMBRA JR.,

    Plaintiff,

vs.                                                     Case No. 3:25-cv-557-MMH-SJH

PLANT BASED PROS and
TFORCE FREIGHT, INC.,

    Defendants.
_____/

**O R D E R**

**THIS CAUSE** is before the Court on Plaintiff's Motion to Remand and Incorporated Memorandum of Law (Doc. 12; Motion), filed on June 17, 2025. On July 1, 2025, Defendant, TForce Freight, Inc. (TForce) filed its Response in Opposition to Plaintiff's Motion to Remand (Doc. 26; Response). Accordingly, the Motion is ripe for consideration.

On May 20, 2025, TForce removed this action from state court to this Court. See Notice of Removal by Defendant TForce Freight, Inc. (Doc. 1; Notice). With the Notice, TForce filed a copy of Plaintiff's Complaint (Doc. 3; Complaint). In the Complaint, Plaintiff asserts that he ordered two refrigerators, totaling $7,177.51, from Plant Based Pros. Id. ¶¶ 12, 13. TForce was to handle delivery of the two refrigerators to Plaintiff's business. Id. ¶ 15. TForce first attempted

delivery on a day when the store was closed. Id. ¶ 17. While TForce tried to deliver the refrigerators again, Plaintiff "had to refuse due to practical constraints." Id. ¶ 18. Ultimately, the refrigerators were never delivered. Id. ¶¶ 22–23. Instead, TForce returned the units to Plant Based Pros, which charged Plaintiff for restocking, shipping, and return costs. Id. ¶ 23; Annex R. Now, Plaintiff asserts claims for "illegal and unjustified charges on restocking fee; shipping and return costs," intentional infliction of emotional distress, and unliquidated damages. See generally id. In his ad damnum clause, Plaintiff seeks a total of $48,631.09, including $20,000 in emotional distress damages and $20,000 in punitive damages.[1] See id. at 4.

According to TForce, Plaintiff's action is removable because Plaintiff's claims are fully preempted by the Carmack Amendment.[2] See generally Notice. In support, TForce asserts that "[a]dding up the amounts sought in the

---

[1] On June 3, 2025, the Court struck Plaintiff's Complaint as an impermissible shotgun pleading and instructed him to file a corrected complaint. See Order (Doc. 8) filed on June 3, 2025. Plaintiff filed his Amended Complaint on June 11, 2025. See Amended Complaint (Doc. 10). In the Amended Complaint, Plaintiff asserts claims for breach of contract, intentional infliction of emotional distress, and unjust enrichment. See generally id. In addition, Plaintiff no longer asserts a specific amount of total damages and does not seek punitive damages. See id. at 12. However, the Court looks to Plaintiff's initial complaint to evaluate jurisdiction because "[t]he existence of federal jurisdiction is tested as of the time of removal." See Ehlen Floor Covering, Inc. v. Lamb, 660 F.3d 1283, 1287 (11th Cir. 2011).

[2] The Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 14706, "requires a common carrier who transports property to issue to the shipper a bill of lading or a receipt, and makes the common carrier liable to one entitled to recover under the bill of lading or receipt for loss or injury to the property." See Quintessence of Home Appliances, Inc. v. R+L Carriers, Inc., No. 3:08-CV-618-J-32MCR, 2008 WL 11336255, at *2 (M.D. Fla. Nov. 23, 2008).

Plaintiff's <u>ad</u> <u>damnum</u> clause, the Plaintiff's [sic] seeks $ 48,631.09 in damages." <u>See</u> Notice ¶ 5. However, in the Motion, Plaintiff argues that the Court lacks subject matter jurisdiction because (1) Plaintiff's claims are not governed by federal law and (2) the amount in controversy is below the jurisdictional threshold. <u>See generally</u> Motion. Upon review, the Court concludes that, to the extent Plaintiff brings state law claims against TForce, these claims are preempted by the Carmack Amendment. And, to the extent Plaintiff brings a claim against TForce under the Carmack Amendment, the Court lacks subject matter jurisdiction over the action because the amount in controversy is less than the jurisdictional threshold required by the Carmack Amendment. As such, this case is due to be remanded to state court.

Federal courts are courts of limited jurisdiction. <u>See</u> <u>Kirkland v. Midland Mortg. Co.</u>, 243 F.3d 1277, 1279–80 (11th Cir. 2001). "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." <u>Baltin v. Alaron Trading Corp.</u>, 128 F.3d 1466, 1469 (11th Cir. 1997). "The existence of federal jurisdiction is tested as of the time of removal." <u>Ehlen Floor Covering, Inc. v. Lamb</u>, 660 F.3d at 1287; <u>see also</u> <u>Adventure Outdoors, Inc. v. Bloomberg</u>, 552 F.3d 1290, 1294-95 (11th Cir. 2008).

Under 28 U.S.C. § 1337(a), federal courts have jurisdiction over certain

actions brought under the Carmack Amendment. See 28 U.S.C. § 1337(a). The "Amendment creates a uniform rule for carrier liability when goods are shipped in interstate commerce" by "preempt[ing] state law claims arising from failures in the transportation and delivery of goods." Smith v. United Parcel Serv., 296 F.3d 1244, 1246 (11th Cir. 2002); see also 49 U.S.C. § 14706. Notably, the Supreme Court has instructed that Carmack Amendment preemption is expansive, embracing "all losses resulting from any failure to discharge a carrier's duty as to any part of the agreed transportation…." See Georgia, F. & A. Ry. Co. v. Blish Milling Co., 241 U.S. 190, 196 (1916); see also Smith, 296 F.3d at 1247 (collecting cases). As such, "[o]nly claims based on conduct separate and distinct from the delivery, loss of, or damage to goods escape preemption." Smith, 296 F.3d at 1248–49 (also noting that "separate and distinct conduct rather than injury must exist for a claim to fall outside the preemptive scope").

Here, Plaintiff's claims all arise from the conduct surrounding the failed delivery of the two refrigerators to Plaintiff's business. See generally Complaint. Indeed, Plaintiff's claims stem from TForce's failure to deliver the refrigerators within specified delivery times, threats and pressure on Plaintiff to accept delivery, and false claims that delivery was completed, as well as Plant Based Pros' imposition of restocking fees due to Plaintiff's refusal of delivery. See id. ¶¶ 17, 18, 22, 23, 25–28. All of these claims are based on TForce's alleged

failure to deliver the refrigerators to Plaintiff's business. As a result, all of Plaintiff's claims against TForce fall squarely within the preemption scope of the Carmack Amendment. See Smith, 296 F.3d at 1249 (holding that claims of fraud, negligence, wantonness, or willfulness, and outrage were preempted by the Carmack Amendment because they arose from UPS's failure to transport and deliver packages).

The determination that Plaintiff's claims are preempted by the Carmack Amendment does not resolve the question of whether the Court has subject matter jurisdiction over this action. Under the Carmack Amendment, federal courts only have jurisdiction over an action where the amount in controversy exceeds $10,000. See 28 U.S.C. § 1337(a). Specifically, pursuant to 28 U.S.C. § 1337(a), district courts "have original jurisdiction of an action brought under section 11706 or 14706 of title 49, only if the matter in controversy for each receipt or bill of lading exceeds $10,000, exclusive of interest and costs." See id. Likewise, 28 U.S.C. § 1445(b) provides that Carmack Amendment cases "may not be removed to any district court of the United States unless the matter in controversy exceeds $10,000, exclusive of interest and costs." Thus, to determine whether the Court is authorized to exercise subject matter jurisdiction over this action, the Court must examine the amount in controversy.

Where a defendant removes an action from state court to federal court,

the defendant "bears the burden of proving that federal jurisdiction exists." See Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319 (11th Cir. 2001). As the Supreme Court has explained, a defendant's notice of removal must include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." See Dart Cherokee Basin Operating Co. LLC v. Owens, 574 U.S. 81, 89 (2014). If the plaintiff contests the allegation, or the court questions it, a defendant must then present evidence establishing that the amount in controversy requirement is met. Id. (citing 28 U.S.C. § 1446(c)(2)(B)); see also Dudley v. Eli Lilly & Co., 778 F.3d 909, 912 (11th Cir. 2014). "A conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden." See Williams, 269 F.3d at 1320. Indeed, the Court may not speculate or guess as to the amount in controversy. See Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 752 (11th Cir. 2010). Rather, a removing defendant should make "specific factual allegations establishing jurisdiction" and be prepared to "support them (if challenged by the plaintiff or the court) with evidence combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations." Id. at 754. In those circumstances, a court is able to determine the amount in controversy without relying on impermissible "conjecture, speculation, or star gazing." Id.

TForce asserts that "[a]dding up the amounts sought in the Plaintiff's ad

damnum clause, the Plaintiff's [sic] seeks $48,631.09 in damages." See Notice ¶ 5. In doing so, TForce assumes that the Court can consider all the damages sought by Plaintiff. But when it is apparent to a legal certainty that certain damages cannot be recovered, such damages cannot be considered when determining the jurisdictional amount in controversy. Holley Equip. Co. v. Credit All. Corp., 821 F.2d 1531, 1535 (11th Cir. 1987) (noting that punitive damages must be considered in determining the amount in controversy "unless it is apparent to a legal certainty that such cannot be recovered.").

Here, in the Complaint, Plaintiff seeks $20,000 in emotional distress damages and $20,000 in punitive damages. See Complaint at 4. The remainder of Plaintiff's request for damages totals only $8,631.09, an amount below the jurisdictional threshold. See id. As a result, whether the jurisdictional amount in controversy is met turns on whether punitive damages or emotional distress damages are recoverable under the Carmack Amendment.[3]

It does not appear that the Eleventh Circuit has addressed the question

---

[3] TForce cites to Plaintiff's Motion and Amended Complaint to assert that Plaintiff seeks $25,000 in "business disruption" damages. See Response at 15. However, this category of damages is unsupported by the pleadings and the Motion. First, in Plaintiff's Complaint, which TForce filed along with the Notice, Plaintiff did not include a request for business disruption damages in its ad damnum clause. See Complaint at 4. Second, while Plaintiff states in the Motion that he seeks $48,631.09, Plaintiff appears to include punitive damages in this total calculation, not business disruption damages. See Motion at 7. Finally, to the extent Plaintiff demands $25,000 for business disruption damages outside of the pleadings, such a demand is unsubstantiated. Indeed, no facts support the amount of damages attributable to Plaintiff's business disruption damages. Consequently, the Court is left to speculate as to the amount in controversy. Such speculation is impermissible. See Pretka, 608 F.3d at 752.

of whether punitive or emotional distress damages are recoverable under the Carmack Amendment. See Dees v. Coleman Am. Moving Servs., Inc., No. CV 17-0292-WS-N, 2017 WL 4838845, at *3 (S.D. Ala. Oct. 26, 2017) (noting that the Eleventh Circuit has not addressed this issue and that other courts of appeal are split).[4] However, a majority of the courts of appeal that have done so have held that such damages are not recoverable. See Morris v. Covan World Wide Moving, Inc., 144 F.3d 377, 382–83 (5th Cir. 1998) (holding that punitive damages and emotional distress damages are not recoverable under the Carmack Amendment); Gordon v. United Van Lines, Inc., 130 F.3d 282, 285–87 (7th Cir. 1997) (same); Cleveland v. Beltman N. Am. Co., Inc., 30 F.3d 373, 380–81 (2nd Cir. 1994) (same as to punitive damages); but see Reed v. Aaacon Auto Transport, Inc., 637 F.2d 1302, 1307 (10th Cir. 1981) (noting that the Carmack Amendment does not preclude awards of punitive damages), overruled in part on other grounds, Underwriters at Lloyds of London v. N. Am. Van Lines, 890 F.2d 1112 (10th Cir. 1989) (en banc); Hubbard v. Allied Van Lines, Inc., 540 F.2d 1224, 1228 (4th Cir. 1976) (same). These courts reason that to allow such

---

[4] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. See McNamara v. GEICO, 30 F.4th 1055, 1060–61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36–2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority."). The Court also notes that although decisions of other district courts are not binding, they may be cited as persuasive authority. See Stone v. First Union Corp., 371 F.3d 1305, 1310 (11th Cir. 2004) (noting that, "[a]lthough a district court would not be bound to follow any other district court's determination, the decision would have significant persuasive effects.").

damages would defeat the uniformity goal of the Carmack Amendment. See, e.g., Gordon, 130 F.3d at 287. This Court agrees with that view. Moreover, "the Interstate Commerce Act is among the most pervasive and comprehensive of regulatory schemes." See Chicago & N.W. Transp. Co. v. Kalo Brick & Tile Co., 450 U.S. 311, 318 (1981). And "Congress has specifically addressed the issue of a shipper's compensation" in the Carmack Amendment. Cleveland, 30 F.3d at 380. As such, permitting federal common law remedies "would displace the package of remedies that the Interstate Commerce Act contains, and would allow precisely the uncertainty the Carmack Amendment was designed to bar." See Gordon, 130 F.3d at 287. Given the comprehensive language of the Carmack Amendment, in the Court's view, allowing recovery of additional or different damages under a Carmack Amendment claim would exceed the proper role of the Court.[5] See id.; see also Cleveland, 30 F.3d at 380–81.

TForce also cannot rely on the emotional distress or punitive damages sought against Plant Based Pros to establish jurisdiction because it is legally certain that these damages are not recoverable. To establish a claim for intentional infliction of emotional distress under Florida law, a plaintiff must allege conduct that is "so outrageous in character, and so extreme in degree, as

---

[5] TForce fails to address whether punitive and emotional distress damages are recoverable in the Notice or the Response. See generally Notice; Response. Consequently, even if such damages are recoverable, TForce has failed to meet its burden in showing that the amount in controversy exceeds the jurisdictional threshold under the Carmack Amendment.

to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." See Metro. Life Ins. Co. v. McCarson, 467 So. 2d 277, 278–79 (Fla. 1985) (citing Restatement (Second) of Torts § 46 (1965)); Bordenkircher v. Am. Home Prods., No. 5:03-CV-443-OC-10GRJ, 2004 WL 6066924, at *4 (M.D. Fla. Jan. 26, 2004). "'[W]hether conduct is outrageous enough to support a claim of intentional infliction of emotional distress is a question of law' to be decided by the courts at the earliest opportunity, 'not a question of fact.'" See Plowright v. Miami Dade Cnty., 102 F.4th 1358, 1368 (11th Cir. 2024) (citing Liberty Mut. Ins. Co. v. Steadman, 968 So. 2d 592, 595 (Fla. Dist. Ct. App. 2007)). Here, Plaintiff's claim for intentional infliction of emotional distress rests on his assertions that the defendants made false statements about delivery completion, imposed unjustified financial penalties, and refused to provide reasonable customer service or redress. See Complaint ¶ 29. Accepting these allegations as true, Plaintiff fails to allege facts that even remotely approach the standard for outrageous conduct. Plaintiff's allegations simply do not satisfy the high burden under Florida law which requires conduct that is "outrageous," "atrocious," or "utterly intolerable in a civilized society" to support a claim for intentional infliction of emotional distress. See Bordenkircher, 2004 WL 6066924, at *4; Broberg v. Carnival Corp., 303 F. Supp. 3d 1313, 1317–18 (S.D. Fla. 2017) ("While there is no exhaustive or concrete list of what constitutes outrageous conduct, Florida

common law has evolved an extremely high standard.") (internal quotation marks omitted). Because Plaintiff fails to establish a claim for intentional infliction of emotional distress, the Court does not consider Plaintiff's emotional distress damages in determining the amount in controversy. Likewise, punitive damages are not available in this case. See Carter v. Killingsworth, 477 F. App'x 647, 648 (11th Cir. 2012) (noting that punitive damages are not recoverable for a breach of contract claim under Florida law); Stafford v. Wheeler, Defusco, & Assocs., No. 20-60190-CIV, 2020 WL 13357655, at *1 (S.D. Fla. Sept. 23, 2020) ("Under Florida law, punitive damages are not recoverable for a breach of contract."). Consequently, TForce cannot establish that the amount in controversy is met by relying on these categories of damages sought against Plant Based Pros. Because punitive damages and emotional distress damages are not recoverable, the amount in controversy fails to satisfy the jurisdictional threshold and this case is due to be remanded to state court.

The Court turns next to Plaintiff's request for an award of costs incurred as a result of TForce's improper removal of this action. See Motion at 8. A court may award fees and costs incurred as a result of removal when it remands a case. 28 U.S.C. § 1447(c). However, it may do so "only where the removing party lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). In light of the total amount of damages sought by Plaintiff in the Complaint, the Court declines to find that TForce

lacked an objectively reasonable basis to seek removal of this action. Thus, Plaintiff's request for costs will be denied.

Accordingly, it is

**ORDERED:**

1. Plaintiff's Motion to Remand and Incorporated Memorandum of Law (Doc. 12) is **GRANTED, in part, and DENIED, in part**.

   a. The Motion is **GRANTED** to the extent the Clerk of Court is directed to remand this case to the Circuit Court of the Fourth Judicial Circuit in and for Duval County, Florida, and to transmit a certified copy of this Order to the clerk of that court.

   b. The Motion is **DENIED** to the extent Plaintiff seeks an award of costs.

2. The Clerk of Court is further directed to terminate all pending motions and deadlines and close this file.

**DONE AND ORDERED** in Jacksonville, Florida on August 6, 2025.

*[Signature]*

MARCIA MORALES HOWARD
United States District Judge

Lc35

Copies to:
Pro se Party
Counsel of Record
Clerk, Fourth Judicial Circuit